Weaver, J.
I respectfully dissent in part from the majority opinion because I would grant the plaintiffs limited equitable relief. Specifically, I would not require plaintiffs to pay the defendants a ten-percent commission and six-percent auction fee, totaling $29,050.
I agree with the majority that we must respect the usual rule that “who comes into equity must come with clean hands.” The general rule is that when two *476 parties are in pari delicto, both involved in an illegal or fraudulent transaction, the court will not grant the plaintiff relief. However, that rule is not meant to be applied inflexibly. In the exceptional circumstances of this case, the Court should apply the equitable principle that when both parties were involved in the fraudulent or illegal transaction, “the one whose wrong is less than that of the other may be granted relief in some circumstances.” 27A Am Jur 2d § 132. It has long been recognized that the courts may interfere from motives of public policy. “Whenever public policy is considered as advanced by allowing either party to sue for relief against the transaction then relief is given to him.” Hobbs v Boatright, 195 Mo 693; 93 SW 934, 938 (1906).[1] See also Grim v Cheatwood, 208 Okla 570; 257 P2d 1049 (1953)[2] and Baltimore & O R Co v Carman, 71 Ohio App 508; 50 NE2d 358 (1942).[3]
*477 Here the defendants moved for summary disposition under MCR 2.116(C)(7) and (10). Thus, all reasonable factual inferences should be drawn in plaintiffs’ favor. Considering the pleadings in the light most favorable to the plaintiffs, one can conclude that the defendants did indeed induce the plaintiffs to enter into the illegal shill bidding scheme, and that the defendants did so for their own purposes. Given that defendants instigated the illegal scheme, it would be unjust to allow defendants to receive the auctioneer’s fee and commission that were gained by their wrongdoing. Accordingly, I would reverse the order of summary disposition to allow the plaintiffs the opportunity to pursue limited equitable relief, to the extent of not requiring plaintiffs to pay the commission and auctioneer’s fee. I would do this not because the plaintiffs deserve the relief, but because the defendants should not be allowed to profit from their shenanigans. Any other result would reward the defendants for enticing the plaintiffs into the shill bidder scheme.
Therefore, I would reverse the Court of Appeals in part and hold that if the trier of fact finds that the defendants induced the plaintiffs to participate in the shill bidder scheme, the plaintiffs should be given limited equitable relief to ensure that the defendants do not profit from their bad acts. In all other respects I concur in the result of the majority.

 In Hobbs, the defendants enticed plaintiff to enter into a scheme to defraud other persons in a rigged footrace. Plaintiff agreed to the scheme, put up $6,000, and ultimately discovered that he had been the victim of the swindle. The court took notice that this was an ongoing fraud by the defendants, not a unique event. The court held that even though the plaintiff had participated in an illegal contract, plaintiff would be allowed to sue for relief.

 Plaintiff was induced to enter into a pretended and fixed poker game, with marked cards, planned by defendants and his confederates. Plaintiff was thus defrauded of a sum of money, and executed mineral deeds in satisfaction of the loss. When plaintiff discovered the fraud, he brought an action to cancel the deeds. The court allowed the plaintiff to proceed in equity because the parties were not in pari delicto, and “equity will intervene in the protection of one less guilty, notwithstanding his unclean hands.” Grim, supra, p 572.

 In Baltimore & O R Co, p 513, plaintiff brought an action to quiet title. Where plaintiffs failure to have the leased lands transferred to its name contributed more to causing the delinquent tax land sale than defendant’s failure to act expeditiously in securing and recording a deed to himself, the court awarded defendant equitable relief, relying on the rule that “[i]f the parties appear not to have been in pari delicto, the one whose wrong is less than that of the other may be granted relief in some circumstances.”